UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMMIA PRATT, ALICIA DAVIS, and BRITTANY SAULSBERRY, individually and on behalf of all others similarly situated, and MARISOL CASTILLO and HEATHER BIANCHI,<br><br>     Plaintiffs,<br><br>    v.<br><br>ELISABETH DeVOS, in her official capacity as Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>     Defendants. | Civil Action No. 20-cv-1501-TNM |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 23(c)(1) and Local Civil Rule 23.1(b), plaintiffs hereby move for certification under Federal Rule of Civil Procedure 23(b)(2) of a class comprised of:

> All people who have taken out a Direct Loan or a FFEL loan to pay for a program of higher education, who have asserted a borrower defense claim, who have received or will receive by the time of entry of final judgment in this action a decision applying the partial relief methodology announced by the Department of Education on December 10, 2019 (and revised for accuracy, clarity, and technical corrections on August 4, 2020) ("Partial Relief Rule's methodology") to their borrower defense claim, and who have not and will not be granted full relief from their federal student loans under the Partial Relief Rule's methodology. Excluded from the class are people from whom the Department of Education has or will have by the time of entry of final judgment in this action accepted for reconsideration under 34 C.F.R. § 685.222(e)(5)(i) a request for reconsideration of the relief decision. Also excluded from this class are members of the class certified in *Calvillo Manriquez v. DeVos*, No. 17-cv-7210 (N.D. Cal.).

In support of this motion, Plaintiffs submit the accompanying (1) memorandum, (2) declarations of Adina H. Rosenbaum, Toby Merrill, Sammia Pratt, Alicia Davis, and Brittany

Saulsberry, and (3) a proposed order. Counsel for plaintiffs have conferred with counsel for defendants who indicated that defendants consent to this motion.

Dated:  September 16, 2020                                Respectfully submitted,

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum (D.C. Bar No. 490928)
Adam R. Pulver (D.C. Bar No. 1020475)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th St. NW
Washington, DC 20009
(202) 588-1000
arosenbaum@citizen.org

Michael N. Turi (New York Bar No. 5385745)
*Pro hac vice*
Eileen M. Connor (Mass. BBO No. 569184)
(application for admission forthcoming)
Toby R. Merrill (Mass. BBO No. 601071)
LEGAL SERVICES CENTER OF HARVARD
LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
(617) 522-3003
mturi@law.harvard.edu

*Counsel for Plaintiffs and Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMMIA PRATT, ALICIA DAVIS, and BRITTANY SAULSBERRY, individually and on behalf of all others similarly situated, and MARISOL CASTILLO and HEATHER BIANCHI,<br><br>Plaintiffs,<br><br>v.<br><br>ELISABETH DeVOS, in her official capacity as Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendants. | Civil Action No. 20-cv-1501-TNM |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ................................................................................................................................ 1

BACKGROUND .................................................................................................................................. 2

       A.     Statutory and Regulatory Background and *Calvillo Manriquez v. DeVos* .............. 2

       B.     The Partial Relief Rule ................................................................................................ 4

       C.     Procedural History ....................................................................................................... 7

ARGUMENT ........................................................................................................................................ 8

   I.   The Class Satisfies Rule 23(a). ................................................................................................ 9

       A.     The class is sufficiently numerous. ............................................................................. 9

       B.     The case raises questions that are common to the class. ........................................ 10

       C.     The class representatives' claims are typical of the claims of the class. ................ 10

       D.     The class representatives and their counsel will adequately represent the class. .. 11

   II.  The Class Satisfies Rule 23(b)(2). ........................................................................................ 12

CONCLUSION .................................................................................................................................. 13

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Alvarez v. Keystone Plus Construction Corp.*,
    303 F.R.D. 152 (D.D.C. 2014) ................................................................................................ 9

*Bynum v. District of Columbia*,
    214 F.R.D. 27 (D.D.C. 2003) .................................................................................................. 11

*Calvillo Manriquez v. DeVos*,
    345 F. Supp. 3d 1077 (N.D. Cal. 2018),
    *appeal pending*, *Calvillo Manriquez v. DeVos*, No. 18-16375 (9th Cir.) ........................ 3, 4

*Calvillo Manriquez v. DeVos*,
    2018 WL 5316175 (N.D. Cal. Oct. 15, 2018) .......................................................................... 4

*DL v. District of Columbia*,
    713 F.3d 120 (D.C. Cir. 2013) ................................................................................................ 10

*General Telephone Co. of Northwest v. EEOC*,
    446 U.S. 318 (1980) ................................................................................................................. 9

*General Telephone Co. of Southwest v. Falcon*,
    457 U.S. 147 (1982) ............................................................................................................... 11

*National Association of Regional Medical Programs, Inc. v. Mathews*,
    551 F.2d 340 (D.C. Cir. 1976) ............................................................................................... 11

*National Veterans Legal Services Program v. United States*,
    235 F. Supp. 3d 32 (D.D.C. 2017) ......................................................................................... 11

*R.I.L-R v. Johnson*,
    80 F. Supp. 3d 164 (D.D.C. 2015) ......................................................................................... 10

*Taylor v. D.C. Water & Sewer Authority*,
    241 F.R.D. 33 (D.D.C. 2007) .................................................................................................. 9

*Thorpe v. District of Columbia*,
    303 F.R.D. 120 (D.D.C. 2014) ..................................................................................... 8, 10, 13

*Twelve John Does v. District of Columbia*,
    117 F.3d 571 (D.C. Cir. 1997) ............................................................................................... 11

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ......................................................................................................... 10, 13

*Zhang v. U.S. Citizenship & Immigration Services*,
    344 F. Supp. 3d 32 (D.D.C. 2018) ...............................................................10, 13

**STATUTES, REGULATIONS, AND RULES**

5 U.S.C. § 706 ..................................................................................................................8

5 U.S.C. § 706(2)(A) ........................................................................................................1

5 U.S.C. § 706(2)(D) ........................................................................................................1

20 U.S.C. § 1087e(h) ........................................................................................................2

34 C.F.R. § 668.403 (2017) ..............................................................................................3

34 C.F.R. § 682.209(g) .....................................................................................................2

34 C.F.R. § 685.206(c) .....................................................................................................2

34 C.F.R. § 685.222(d) .....................................................................................................2

34 C.F.R. § 685.222(e)(2) .................................................................................................7

34 C.F.R. § 685.222(e)(5) ..............................................................................................6, 7

34 C.F.R. § 685.222(e)(5)(i) .....................................................................................2, 6, 7

ED, Final Rule, *Student Assistance General Provisions, Federal Perkins Loan Program, Federal Family Education Loan Program, William D. Ford Federal Direct Loan Program, and Teacher Education Assistance for College and Higher Education Grant Program*, 81 Fed. Reg. 75926 (Nov. 1, 2016) ...................................................................3

\* Federal Rule of Civil Procedure 23(a) ...........................................................................8

Federal Rule of Civil Procedure 23(a)(1) ........................................................................9

Federal Rule of Civil Procedure 23(a)(2) ......................................................................10

Federal Rule of Civil Procedure 23(a)(3) ......................................................................10

Federal Rule of Civil Procedure 23(a)(4) ......................................................................11

\* Federal Rule of Civil Procedure 23(b) ................................................................8, 12–13

Federal Rule of Civil Procedure 23(g) ..........................................................................12

# INTRODUCTION

Under the Higher Education Act (HEA) and its implementing regulations, student loan borrowers who can show that the school they attended engaged in certain wrongful acts or omissions have a defense against repayment of their federal student loan debt, referred to as a "borrower defense" to repayment. This action challenges a rule adopted by the Department of Education (ED) on December 10, 2019, and clarified on August 4, 2020, referred to herein as the Partial Relief Rule, that ED uses to determine the amount of relief it will afford a borrower who has successfully established such a defense. *See* Rosenbaum Decl. Exhs. 1 & 2. After first determining that named plaintiffs Sammia Pratt, Alicia Davis, and Brittany Saulsberry each had established a borrower defense, ED applied the Partial Relief Rule's methodology and, based on that methodology, issued decisions affording them less than full relief from their federal student loans. Plaintiffs allege that the Partial Relief Rule is arbitrary, capricious, or otherwise not in accordance with law, *see* 5 U.S.C. § 706(2)(A), and was adopted without procedures required by law, *see id*. § 706(2)(D).

ED has already applied the Partial Relief Rule to thousands of borrowers and will soon be applying it to many more borrowers with pending meritorious borrower defense applications. Accordingly, plaintiffs seek to certify this case as a class action under Federal Rule of Civil Procedure 23(b)(2) on behalf of:

> All people who have taken out a Direct Loan or a FFEL loan to pay for a program of higher education, who have asserted a borrower defense claim, who have received or will receive by the time of entry of final judgment in this action a decision applying the partial relief methodology announced by the Department of Education on December 10, 2019 (and revised for accuracy, clarity and technical corrections on August 4, 2020) ("Partial Relief Rule's methodology") to their borrower defense claim, and who have not and will not be granted full relief from their federal student loans under the Partial Relief Rule's methodology. Excluded from the class are people from whom the Department of Education has or will have by the time of entry of final judgment in this action accepted for reconsideration

under 34 C.F.R. § 685.222(e)(5)(i) a request for reconsideration of the relief decision. Also excluded from this class are members of the class certified in *Calvillo Manriquez v. DeVos*, No. 17-cv-7210 (N.D. Cal.).

As explained below, the proposed class satisfies the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2). Plaintiffs request that this Court certify this case as a class action, appoint Sammia Pratt, Alicia Davis, and Brittany Saulsberry as class representatives,[1] and appoint Public Citizen Litigation Group and the Legal Services Center of Harvard Law School as class counsel.

## BACKGROUND

### A.   Statutory and Regulatory Background and *Calvillo Manriquez v. DeVos*

Under Title IV of the HEA and its implementing regulations, borrowers under the Federal Family Education Loan (FFEL) and William D. Ford Federal Direct Loan (Direct Loan) programs, can assert a right to a discharge of their federal student loans on the basis of their school's misconduct, known as a "borrower defense" to repayment. *See* 20 U.S.C. § 1087e(h) (requiring Secretary of Education to "specify in regulations which acts or omissions of an institution of higher education a borrower may assert as a defense to repayment of" Direct Loans); 34 C.F.R. § 685.206(c) (for Direct Loans first disbursed before July 1, 2017, providing that the borrower may assert a defense to repayment if the school attended by the student engaged in an act or omission related to the loan or provision of educational services "that would give rise to a cause of action against the school under State law"); *id.* § 685.222(d) (for Direct Loans first disbursed between July 1, 2017, and July 1, 2020, providing that a borrower has a defense to repayment if,

---

[1] Because plaintiffs Marisol Castillo and Heather Bianchi have not yet received determinations applying the Partial Relief Rule to their claims, they are not yet members of the class and are not seeking to serve as class representatives.

2

among other things, the school the borrower attended "made a substantial misrepresentation … that the borrower reasonably relied on to the borrower's detriment when the borrower decided to attend, or to continue attending, the school or decided to take out a Direct Loan"); *id*. § 682.209(g) (providing that FFEL loan holders are "subject to all claims and defenses that the borrower could assert against the school with respect to that loan," if a sufficiently close relationship exists between the school and lender).

Before 2015, the borrower defense process was rarely used. *See* ED, Final Rule, *Student Assistance General Provisions, Federal Perkins Loan Program, Federal Family Education Loan Program, William D. Ford Federal Direct Loan Program, and Teacher Education Assistance for College and Higher Education Grant Program*, 81 Fed. Reg. 75926, 75926 (Nov. 1, 2016). In 2015, however, Corinthian Colleges (Corinthian), a large for-profit college chain, closed after years of misconduct, leading to a flood of borrower defense claims. *See id*. at 75926, 76047. From the time ED began processing claims relating to Corinthian until January 2017, ED granted a full discharge of loans whenever it approved a borrower defense. *See* Rosenbaum Decl. Exh. 1 at 2. In December 2017, however, ED announced a tiered methodology for determining relief for certain categories of Corinthian students. *See Calvillo Manriquez v. DeVos*, 345 F. Supp. 3d 1077, 1091 (N.D. Cal. 2018) (describing the new methodology, referred to as the "Average Earning Rule"), *appeal pending*, *Calvillo Manriquez v. DeVos*, No. 18-16375 (9th Cir.). Under the Average Earning Rule, instead of fully discharging the loans of all students who had established a borrower defense, ED would provide a percentage of relief based on a comparison of the average earnings of borrower defense applicants from the borrower's program to the average earnings of students at similar programs with passing scores under ED's "gainful employment" regulations. *See Calvillo Manriquez*, 345 F. Supp. 3d at 1091; *see generally* 34 C.F.R. § 668.403 (2017) (explaining

the gainful employment framework). Only borrowers that had attended programs whose students earned less than half of students at similar programs with passing gainful employment scores would receive a complete discharge; otherwise, ED would discharge only 10% to 50% of borrowers' loans. *See Calvillo Manriquez*, 345 F. Supp. 3d at 1091.

Impacted borrowers brought a class-action challenge to the Average Earning Rule and sought a class-wide preliminary injunction. *See id.* at 1094. On May 25, 2018, the U.S. District Court for the Northern District of California granted the motion for a preliminary injunction to prevent ED from using the Average Earning Rule, concluding that the borrowers had demonstrated a likelihood of success on the merits of their argument that ED's implementation of the rule violated the Privacy Act and that implementation of the rule was causing irreparable harm. *See id.* at 1109. The court also certified the case as a class action. *See Calvillo Manriquez v. DeVos*, 2018 WL 5316175 (N.D. Cal. Oct. 15, 2018). [2]

### B.     The Partial Relief Rule

On December 10, 2019, ED issued a memorandum adopting a new methodology to determine the amount of relief to grant to borrowers with successful borrower defense claims— the Partial Relief Rule. *See* Rosenbaum Decl. Exh. 1. On August 4, 2020, ED issued a revised

---

[2] The class certified in *Calvillo Manriquez* consists of:
> All persons who borrowed a Direct Loan to finance the cost of enrollment at a program covered by the Department's job placement rate findings (*i.e.,* attended a program on the Lists, *see* ECF No. 35-6, Exs. 6 & 7), and who have not received a full discharge of associated student loan debt and a return of any money the Department collected on the loan, once they submit an attestation form or analogous application verifying that they are covered by the Department's job placement rate findings (*i.e.,* attended a program on the Lists and first enrolled in that program during a time period covered by the Lists, *see* ECF No. 35-6, Exs. 6 & 7) and that they relied, in substantial part, on Corinthian's misleading job placement rates in deciding to enroll.

*Id.* at *6.

version of the December 10, 2019 memorandum, with edits "for accuracy and clarity, including for technical corrections." Rosenbaum Decl. Exh. 2.

ED established the Partial Relief Rule as the sole mechanism for determining the amount of relief to afford to a borrower whom it determines has established a borrower defense, except for members of the *Calvillo Manriquez* class. *See id*. at 5, 10.[3] Like the enjoined Average Earning Rule, the Partial Relief Rule uses a tiered methodology for determining relief that deprives the vast majority of successful borrower defense claimants of full relief on their claims.

Under the Rule, ED "impute[s]" to a borrower the median earnings of recent graduates of the program the borrower attended—regardless of whether the borrower graduated or when the borrower attended the program—or of other "similar" programs. *Id*. at 6. ED then determines the amount of relief it will award solely by comparing the earnings it imputed to the borrower to the median of the median earnings of graduates of programs with the same 4-digit classification of instructional program code and credential level at other schools ("comparison programs"). *Id*. ED does not consider any other factors besides the earnings comparison, such as the cost of the program, the reasonable expectation of earnings a borrower would have based on the school's representations, the number of students who drop out of the school, the range of incomes of the schools' graduates, geographical differences between schools, or whether the comparison programs themselves engaged in predatory behavior.

Under the Partial Relief Rule, ED does not afford any relief to borrowers with successful borrower defense claims who attended non-Corinthian schools if the earnings it imputed to them—that is, the median earnings of graduates of the programs they attended or other "similar"

---

[3] The Partial Relief Rule only applies to members of the *Calvillo Manriquez* class if they would receive full relief under the Rule's methodology. *See id*.

programs—are equal to or more than the median of the median of earnings of graduates of comparison programs. *See id*. at 7. ED affords borrowers who attended Corinthian schools and filed their borrower defense applications by November 12, 2019, only 10% relief on their successful borrower defense claims if the earnings it imputed to them are equal to or more than the median of the median of earnings of graduates of comparison programs. *See id*. at 1, 14–15. ED affords such borrowers no relief if they did not file their claims by November 12, 2019. *See id*. at 15.

ED grants borrowers 25%, 50%, or 75% relief if the earnings it imputed to them are less than the median of the median earnings of graduates of comparison programs but greater than two standard deviations below the median of the median earnings of comparison programs. *See id*. at 7. Whether ED grants 25%, 50%, or 75% relief depends on how far the earnings it imputed to the borrowers fall below the median of the median earnings of comparison programs. *See id*. ED only grants full relief to borrowers on their successful borrower defense claims if the earnings it imputed to them are two standard deviations below the median of the median earnings of comparison programs. *See id*. at 6.

The Partial Relief Rule states that it sets forth a "rebuttable presumption," *id.*, but, under governing regulations, ED's determination under the Rule is "final as to … any relief that may be granted on the claim." 34 C.F.R. § 685.222(e)(5). The only method that the Rule provides for challenging the amount of relief awarded is through the reconsideration process described in 34 C.F.R. § 685.222(e)(5)(i), *see* Rosenbaum Decl. Exh. 2 at 6, which follows a final determination, *see* 34 C.F.R. § 685.222(e)(5).

When ED receives a borrower defense application, it grants forbearance on the loan for which the borrower defense has been asserted if the borrower is not in default and stops collection

6

activity on the loan if the borrower is in default. *Id.* § 685.222(e)(2). When ED makes a determination that is final under 34 C.F.R. § 685.222(e)(5), if ED does not make a full discharge, ED can resume collection activity on any portion of the loan that is not discharged. *See, e.g.*, Davis Decl. Ex. 1 at 7. Thus, when ED awards a borrower less than full relief under the methodology in the Partial Relief Rule, the borrower's loan is taken out of forbearance or stopped collection, and collection can resume, before the borrower has the opportunity to "rebut" the determination.

Under 34 C.F.R. § 685.222(e)(5)(i), if ED "accept[s] for reconsideration" a request for ED to reconsider a borrower defense decision, ED places loans that are not in default into forbearance and suspends collection activity on loans that are in default. ED informs borrowers who receive determinations based on the Partial Relief Rule that it "will not place your federal student loans into forbearance or stopped collection activity when you file a request for reconsideration." *See* Pratt Decl. Exh. 1 at 4; Davis Decl. Exh. 1 at 6; Saulsberry Decl. Exh. 1 at 3. Thus, once a borrower is given a determination based on the methodology in the Partial Relief Rule, the borrower's loan will remain subject to collection based on that determination, even if the borrower requests reconsideration, unless ED accepts that request for reconsideration under 34 C.F.R. § 685.222(e)(5)(i).

    **C.**    **Procedural History**

Plaintiffs Sammia Pratt, Alicia Davis, and Brittany Saulsberry took out federal student loans to pay for a program of higher education and successfully established a defense to repayment based on the wrongful acts or omissions of the schools they attended. *See* Pratt Decl. Exh. 1; Davis Decl. Exh. 1; Saulsberry Decl. Exh. 1. However, applying the Partial Relief Rule's methodology, ED awarded each of them only partial relief on their federal student loans. *See* Pratt Decl. Exh. 1 at 2; Davis Decl. Exh. 1 at 3; Saulsberry Decl. Exh. 1 at 2.

On June 9, 2020, Ms. Pratt, Ms. Davis, and Ms. Saulsberry, along with borrowers with pending borrower defense applications, filed this lawsuit pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 706, alleging that the Partial Relief Rule is arbitrary, capricious, and contrary to law and was adopted without procedures required by law. *See* Doc. 16 at 37–38 (amended complaint). Further, they allege that decisions applying the Partial Relief Rule are themselves arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, because they are based on a rule that is unlawful. *See id*. at 37–39. The complaint requests that the Court vacate the Partial Relief Rule and all decisions on borrower defense claims based on the Partial Relief Rule that afford the borrowers less than full relief on their federal student loans. *See id*. at 39.

## ARGUMENT

Class certification is intended to "save the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical manner." *Thorpe v. District of Columbia*, 303 F.R.D. 120, 143 (D.D.C. 2014) (citation omitted). Rule 23(a) of the Federal Rules of Civil Procedure sets forth the prerequisites for a class action: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." If these prerequisites are satisfied, a putative class seeking certification under Federal Rule of Civil Procedure 23(b)(2) must further demonstrate that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

The proposed class meets all of these requirements.

## I. The Class Satisfies Rule 23(a).

### A. The class is sufficiently numerous.

Under Rule 23(a)(1), a class must be "so numerous that joinder of all members is impracticable." "There is no specific threshold that must be surpassed in order to satisfy the numerosity requirement; rather, the determination 'requires examination of the specific facts of each case and imposes no absolute limitations.'" *Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 37 (D.D.C. 2007) (quoting *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980)). "Courts in this District have generally found that the numerosity requirement is satisfied and that joinder is impracticable where a proposed class has at least forty members." *Alvarez v. Keystone Plus Constr. Corp.*, 303 F.R.D. 152, 160 (D.D.C. 2014) (citations omitted).

Here, the proposed class easily meets the numerosity threshold. In its December 2019 announcement of the Partial Relief Rule, ED stated that, at the outset, "[h]undreds of claims adjudicated utilizing the new methodology, mostly consisting of Corinthian and [ITT Technical Services, Inc. (ITT)] borrowers, will be released this week." Rosenbaum Decl. Exh. 3 at 2. ED has recently acknowledged that, since December 2019, at least 10,133 borrower defense applications from ITT and Corinthian schools have been granted and received relief determinations. *See* Merrill Decl. Exh. 1 at 1. Among borrowers who attended ITT and Corinthian who receive determinations under the Partial Relief Rule, the vast majority receive less than full relief. *See* Rosenbaum Decl. Exh. 4 (showing that, among 150 Corinthian programs for which ED provided calculations, only borrowers that attended 3 programs qualify for full relief); Exh. 5 (showing that no ITT borrowers qualify for full relief). Accordingly, most of the thousands of borrowers to whom ED has applied

9

the Partial Relief Rule will have received less than full relief—far above the 40-member threshold typically found satisfactory to meet the numerosity requirement.

      **B.**      **The case raises questions that are common to the class.**

"Rule 23(a)(2)—commonality—requires that [p]laintiffs establish that 'there are questions of law or fact common to the class.'" *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 181 (D.D.C. 2015) (quoting Fed. R. Civ. P. 23(a)(2)). This requirement is met if "[e]ven a single common question" exists, *Thorpe*, 303 F.R.D. at 145, so long as "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "[C]ommonality is satisfied when plaintiffs challenge 'a uniform policy or practice that affects all class members.'" *Zhang v. U.S. Citizenship & Immigr. Servs.*, 344 F. Supp. 3d 32, 63 (D.D.C. 2018) (quoting *DL v. District of Columbia*, 713 F.3d 120, 128 (D.C. Cir. 2013)).

Here, ED has applied or will apply the Partial Relief Rule to each member of the proposed class, and the claims of the proposed class members uniformly turn on the common question whether the Rule is arbitrary, capricious, or otherwise not in accordance with law and/or was adopted without procedures required by law. This Court's answer to that question would resolve "an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores*, 564 U.S. at 350.

      **C.**      **The class representatives' claims are typical of the claims of the class.**

To satisfy Rule 23(a)(3)'s requirement of typicality, the representative plaintiffs must show that their claims are "typical of the claims … of the class." Fed. R. Civ. P. 23(a)(3). "Typicality means that the representative plaintiffs must 'possess the same interest and suffer the same injury' as the other class members." *R.I.L-R*, 80 F. Supp. 3d at 181 (citing *Gen. Tel. Co. of SW v. Falcon*,

10

457 U.S. 147, 156 (1982)). When "the named plaintiffs' claims are based on the same legal theory as the claims of the other class members, it will suffice to show that the named plaintiffs' injuries arise from the same course of conduct that gives rise to the other class members' claims." *Bynum v. District of Columbia*, 214 F.R.D. 27, 35 (D.D.C. 2003).

Here, Ms. Pratt, Ms. Davis, and Ms. Saulsberry have each received decisions applying the Partial Relief Rule's methodology to their claims and awarding them less than full relief from their federal student loans, as all class members have or will have by the time of entry of final judgment. They have suffered the same injuries based on the same course of conduct as all other members of the class have or will suffer—application of the Partial Relief Rule in deciding their borrower defense applications, resulting in less than full relief from their federal student loans—and their claims are typical of those of the class.

### D. The class representatives and their counsel will adequately represent the class.

Rule 23(a) finally requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Two criteria for determining the adequacy of representation are generally recognized: 1) the named representative must not have antagonistic or conflicting interests with the unnamed members of the class, and 2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997) (quoting *Nat'l Assoc. of Reg'l Med. Programs, Inc. v. Mathews*, 551 F.2d 340, 345 (D.C. Cir. 1976)). Any conflicts of interest "prevent named plaintiffs from satisfying the adequacy requirement only if they are 'fundamental to the suit and … go to the heart of the litigation.'" *Nat'l Veterans Legal Servs. Program v. United States*, 235 F. Supp. 3d 32, 41 (D.D.C. 2017) (internal quotation marks and citation omitted). "[C]onflicts will not defeat the adequacy requirement if they are speculative or hypothetical." *Id.*

Ms. Pratt, Ms. Davis, and Ms. Saulsberry are adequate representatives of the class. They share interests with the rest of the class and all seek the same remedy: vacatur of the Partial Relief Rule and determinations based on it. *See* Pratt Decl. ¶¶ 16–17; Davis Decl. ¶¶ 16–17; Saulsberry Decl. ¶¶ 17–18. They have retained competent and experienced counsel to litigate the case for them, indicating that they are ready, able, and willing to prosecute the case vigorously on behalf of the class. *See* Pratt Decl. ¶ 18; Davis Decl. ¶ 18; Saulsberry Decl. ¶ 19. And they intend and desire to vigorously prosecute this case on behalf of the class. *See* Pratt Decl. ¶ 19; Davis Decl. ¶ 19; Saulsberry Decl. ¶ 20.

Proposed class counsel also satisfy Rule 23(a) and Rule 23(g). *See* Fed. R. Civ. P 23(g) (setting forth the standards for appointing class counsel). Public Citizen Litigation Group has considerable expertise in administrative law and APA litigation, as well as experience in class-action litigation. Rosenbaum Decl. ¶ 3. The Legal Services Center of Harvard Law School has represented and/or advised hundreds of former students regarding the borrower defense process, *see* Merrill Decl. ¶ 2, and has experience representing Rule 23 classes of student loan borrowers, including the certified classes of students in *Sweet v. DeVos*, No. 19-cv-3674 (N.D. Cal.), and *Calvillo Manriquez v. DeVos*, No. 17-cv-07210 (N.D. Cal.). *See* Merrill Decl. ¶ 3. Counsel have knowledge of, and familiarity with, the relevant laws and regulations concerning federal student loans and borrower defense and are not aware of any conflicts with members of the proposed class. *See* Rosenbaum Decl. ¶ 5–6; Merrill Decl. ¶ 4–5.

## II.    The Class Satisfies Rule 23(b)(2).

Under Federal Rule of Civil Procedure 23(b)(2), a class action "may be maintained" if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as

12

a whole." "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Thorpe*, 303 F.R.D. at 151 (quoting *Wal-Mart Stores*, 564 U.S. at 360).

Here, as described above, all class members seek relief from the imposition of the exact same rule, which they allege was adopted in violation of the APA: the Partial Relief Rule. The class seeks the same injunctive relief in the form of an order setting aside the Rule and vacating the application of the Rule to class members to whom it has already been applied. Because a single, uniform ruling by this Court would accomplish all of the relief sought by the entire class, Rule 23(b)(2) certification is appropriate here. *See*, *e.g.*, *Zhang*, 344 F. Supp. 3d at 65 (explaining that a proposed class of people who have or will have their I-526 immigration petitions denied based solely on a certain USCIS interpretation of a regulation satisfied Rule 23(b)(2) "because USCIS' interpretation of its regulation has been or will be applied generally to the entire class and plaintiffs seek declaratory and injunctive relief that will benefit the class as a whole.").

## CONCLUSION

This Court should grant Plaintiffs' unopposed motion for class certification, appoint plaintiffs Sammia Pratt, Alicia Davis, and Brittany Saulsberry as class representatives, and appoint Public Citizen Litigation Group and the Legal Services Center of Harvard Law School as class counsel.

Dated: September 16, 2020               Respectfully submitted,

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum (D.C. Bar No. 490928)
Adam R. Pulver (D.C. Bar No. 1020475)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th St. NW
Washington, DC 20009
(202) 588-1000
arosenbaum@citizen.org

        Michael N. Turi (New York Bar No. 5385745)
*Pro hac vice*
Eileen M. Connor (Mass. BBO No. 569184)
(application for admission forthcoming)
Toby R. Merrill (Mass. BBO No. 601071)
LEGAL SERVICES CENTER OF HARVARD
LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
(617) 522-3003
mturi@law.harvard.edu

*Counsel for Plaintiffs and Proposed Class*

14